IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHERIDA WILLAIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Sherida Williams, by and through undersigned counsel, and for her complaint against the Defendant, Midland Credit Management, Inc., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district in that Plaintiff resides here, Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Sherida Williams ("Plaintiff") is a natural person who resides in St. Louis, Missouri.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Midland Credit Management, Inc. ("MCM") is a business entity engaged in the collection of consumer debt within the State of Missouri.

7. MCM is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   ALLEGATIONS

8. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

9. On or about September 23, 2019, Plaintiff retained counsel to assist in resolving several allegedly outstanding debts.

10. As a part of Plaintiff's representation, on or about November 4, 2019, Plaintiff's counsel sent a letter to MCM with notice that Plaintiff was represented by counsel.

11. On or about November 8, 2019, 2019, an employee of MCM received and signed for Plaintiff's counsel's notice of representation letter.

12. Notwithstanding Plaintiff's representation, MCM has continued to contact Plaintiff directly through its agent, Gamache & Myers, PC.

13. As Gamache & Myers was acting with the apparent and express authority of MCM, its actions are attributable to MCM.

14. These direct communications violated 15 U.S.C. § 1692c(a)(2), in that MCM contacted a consumer after receiving notice that the consumer was represented by an attorney.

## VI.   PRAYER FOR RELIEF

WHEREFORE Plaintiff Sherida Williams respectfully prays for judgment in her favor and against MCM as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from MCM and for Plaintiff;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from MCM and for Plaintiff;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from MCM and for Plaintiff;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**By: /s/ Andrew M. Esselman**
Andrew M. Esselman #64837
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO  64064
Telephone:  816-246-7800
Facsimile:   855-523-6884
andrewe@creditlawcenter.com
Attorney for Plaintiff